# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SECURITY NATIONAL INSURANCE COMPANY,**

           **Plaintiff,**

v.                                                Case No: 6:25-cv-807-CEM-DCI

**ALFRED MARCHETTI, INC. and K. HOVNANIAN HOMES OF FLORIDA I, LLC.,**

           **Defendants.**

## ORDER

Security National Insurance Company (Plaintiff) initiated this declaratory action against Alfred Marchetti, Inc. (Alfred Marchetti) and K. Hovnanian Homes of Florida I, LLC (K. Hovnanian) (collectively, the Defendants) related to insurance policies. Doc. 1. K. Hovnanian filed an Answer to the Complaint and counterclaims (Doc. 20), but Alfred Marchetti did not file a response or answer. The Clerk entered default against Alfred Marchetti (Doc. 24) and Plaintiff now seeks final default judgment pursuant to Federal Rule of Civil Procedure 55(b). Doc. 36 (the Motion).

The Motion is due to be denied. As an initial matter, the Motion is deficient because Plaintiff fails to include a legal memorandum in support of the request. *See* Local Rule 3.01(a). For this reason alone, relief is not warranted. Also, the Motion is denied because relief risks offending the prohibition against inconsistent judgments. "[I]n cases involving more than one defendant, a judgment. . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and*

*recommendation adopted by* 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). As the court in *Nationwide* explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id*. "The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments." *United States CFTC v. Montano*, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554). "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561 at *6 (collecting cases). The Eleventh Circuit has also stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

Here, Plaintiff brings one count for relief against both Defendants for declaratory judgment. Doc. 1. Plaintiff states that it "brings this action seeking a judicial determination and declaration that any obligation to provide either indemnification or defense insurance coverage benefits to ALFRED MARCHETTI, INC. and K. HOVNANIAN HOMES OF FLORIDA I, LLC shall cease upon the exhaustion of the Limits of Insurance set forth in the Subject Policies." *Id*. at 1.[1] As relief, Plaintiff requests that the Court:

---

[1] Plaintiff explains that "[o]n July 17, 2023, K. HOVNANIAN HOMES OF FLORIDA I, LLC filed its Third Party Complaint against, inter alia, ALFRED MARCHETTI, INC., asserting causes of action for Breach of Contract, Breach of Express (Contractual) Warranty, Breach of Implied Warranty, Express (Contractual) Indemnity, Implied (Common Law) Indemnity, Breach of Contractual Duty to Defend, Violation of Florida State Building Code and Declaratory Relief Regarding Duty to Defend and Indemnity, for allegedly failing to provide workmanship and

    (A) Enter judgment declaring that its contractual obligations to provide insurance coverage for ALFRED MARCHETTI, INC. and K. HOVNANIAN HOMES OF FLORIDA I, LLC will cease upon the exhaustion of the Limits of Insurance set forth in the Subject Policies resulting from the subject construction defect/property damage loss pursuant to the terms, provisions and conditions of the Subject Policies; and

    (B) Enter judgment declaring that it does not have, not did it ever have, any contractual obligation to provide Additional Insured coverage to K. HOVNANIAN HOMES OF FLORIDA I, LLC due to the lack of any written contract with ALFRED MARCHETTI, INC. which would have provided for such coverage[.]

*Id.* at 8 to 9.

Based on the foregoing, the Court finds that the rationale of *Frow* applies, and the Court should withhold addressing the merits of Plaintiff's request for default judgment. *See Nautilus Ins. Co. v. LB Ent., LLC*, 2024 WL 5090070, at *2 (M.D. Fla. Dec. 12, 2024) ("[C]ourts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.") (collecting cases).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 36) is **DENIED without prejudice**; and

2. Plaintiff may renew the request, if appropriate, within **TWENTY-ONE (21) DAYS** of resolution of this matter as to the non-defaulted parties.

Ordered in Orlando, Florida on August 12, 2025.

                                                DANIEL C. IRICK
                                                UNITED STATES MAGISTRATE JUDGE

---

materials free of defects and that was in compliance with all applicable plans, specifications, codes, industry standards, and standards required by agreement." Doc. 1 at 4.